665 So.2d 734 (1995)
Roy Dennis SUMMERALL, Sr. on Behalf of Minor Son, Roy Dennis SUMMERALL, Jr., Plaintiff-Appellee,
v.
OUACHITA PARISH SCHOOL BOARD, Defendant-Appellant.
No. 27643-CA.
Court of Appeal of Louisiana, Second Circuit.
December 8, 1995.
Rehearing Denied January 18, 1996.
*735 Todd G. Newman, Monroe, for Appellant.
*736 Sam O. Henry, III, West Monroe, for Appellee.
Before SEXTON and WILLIAMS, JJ., and SAVOIE, J. Pro Tem.
FELIX H. SAVOIE, Jr., Judge Pro Tem.
The defendant, Ouachita Parish School Board, appeals from a trial court judgment awarding damages to the plaintiff, Roy Dennis Summerall, Jr., for a foot injury. The injury occurred when a portion of a cinder block wall in a locker room fell on the plaintiff as he engaged in horseplay following physical education class. The defendant also argues that the trial court erred in assessing the plaintiff with only fifty percent fault. For the following reasons, we affirm the trial court judgment.

FACTS
On September 30, 1991, Roy Dennis "Denny" Summerall, Jr., a fourteen year old freshman at West Monroe High School who weighed approximately 200 pounds, entered the boys' locker room after a volleyball victory during physical education class. In his excitement, he pulled himself up on a free standing cinder block partition wall that served to restrict the view of outsiders into the locker room. The first four rows of the cinder blocks gave way and one of the blocks fell onto Denny's foot, fracturing it. Surgery and skin grafts were required to treat the injury. Denny wore a cast for three months and missed several weeks of school. As a result, he failed the ninth grade and was required to repeat his freshman year in high school.
On July 13, 1992, Roy Dennis Summerall, Sr. filed suit on behalf of his son, Roy Dennis Summerall, Jr., against the Ouachita Parish School Board, for damages sustained in the accident.
The case was heard in the trial court on October 14, 1994. The trial court rendered judgment in favor of the plaintiff and against the school board. However, the award was reduced by the plaintiff's degree of comparative fault.
In reasons for judgment, the trial court found that Denny Summerall's broken foot required five screws and two pins to repair it and he was homebound for several weeks. The court noted that, although he had a special teacher for the homebound for one and one-half hours each day for the weeks he was out of school, he was not able to complete the requirements for the ninth grade and had to repeat his freshman year.
The court stated that the school board could have reasonably anticipated that rambunctious young men would often hang on or jump against walls of this nature and should have designed the walls with that in mind. The trial court also found that a similar wall in the locker room had been damaged by vandalism prior to this incident. Therefore, the court found that the school board had notice of a defect in the wall and was strictly liable for the damage to the plaintiff. However, the court also found that Denny Summerall was comparatively negligent in causing this injury and assessed him with fifty percent fault. The court awarded the plaintiff $30,000 in general damages and $10,947.03 in medical expenses, reduced by the plaintiff's fifty percent negligence. Judgment was filed by the trial court on December 16, 1994. The Ouachita Parish School Board appealed.
The school board admits that it had the care, custody and control of the premises involved in this case. However, the school board argues that the trial court erred in holding that the wall was defective and that the school board had notice of the defect. It contends that, simply because a similar forty year old wall in the locker room had been cracked ten to twelve years earlier by numerous students engaged in vandalism, this did not provide the school with notice that the wall at issue in this case was defective. The school board further argues that the trial court erred in attributing only fifty percent fault to the plaintiff.

LIABILITY
Proof of liability on the part of a public entity, such as a school board, is governed by LSA-C.C. Art. 2317, as modified by LSA-R.S. 9:2800.
*737 LSA-C.C. Art. 2317 provides in pertinent part:
We are responsible, not only for the damage occasioned by our own act, but for that... of things which we have in our custody....
LSA-R.S. 9:2800 provides in pertinent part:
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.
D. A violation of the rules and regulations promulgated by a public entity is not negligence per se.
E. "Public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions....[1]
Under the provisions of this statute, constructive notice means the existence of facts which infer actual knowledge. LSA-R.S. 9:2800(C).
Actual notice is knowledge of dangerous defects or conditions by a corporate officer or employee of the public entity having a duty either to keep the property involved in good repair or to report defects and dangerous conditions to the proper authorities. Boddie v. State of Louisiana, 27,313 (La. App.2d Cir. 9/27/95), 661 So.2d 617.
Traditionally, in order to prove a claim of strict liability on the part of a public entity, the plaintiff was required to plead and prove a defect in a publicly owned thing, that the defect caused the unreasonable risk of harm, and that his injury was caused by the defect. Shipp v. City of Alexandria, 395 So.2d 727 (La.1981). The 1985 amendment of LSA-R.S. 9:2800 added the notice requirement to the list of factors that must be proved in order to recover against the state or a political subdivision under LSA-C.C. Art. 2317.
A school board is a public entity and is not liable for damages caused by a thing within its custody unless it had actual or constructive notice of the alleged defect and a reasonable opportunity to remedy the defect. DeGruy v. Orleans Parish School Board, 573 So.2d 1188 (La.App. 4th Cir. 1991). Like other property owners, schools are obligated to keep their premises in a reasonably safe condition. Not every imperfection constitutes a defect. The determination of whether a particular condition constitutes a defect is not mechanical. Guild v. City of New Orleans through New Orleans Public Library, 617 So.2d 967 (La.App. 4th Cir.1993). A defect is some flaw or fault existing or inherent in the thing itself, creating an unreasonable risk of harm to others. Entrevia v. Hood, 427 So.2d 1146 (La.1983); Harig v. State, Board of Elementary and Secondary Education, 25,702 (La.App. 2d. Cir. 3/30/94), 635 So.2d. 485. To determine what constitutes an unreasonable risk of harm, courts balance several factors, including the probability and gravity of the harm presented by the risk against the social utility of the defendant's conduct or the thing involved. Harig v. State, Board of Elementary and Secondary Education, supra.
While a public entity is liable for damages resulting from defects on its property, it is not liable for every irregularity that causes injury. The plaintiff bears the burden of *738 proving both the defect that makes the premises unreasonably dangerous and the resultant damages. Harig v. State, Board of Elementary and Secondary Education, supra.
In addition to proving defect and causation, the plaintiff also bears the burden of proving actual or constructive notice on the public entity's part. Once the plaintiff meets this burden, the burden shifts to the defendant to prove a defense. Loescher v. Parr, 324 So.2d 441 (La.1975); Harig v. State, Board of Secondary and Elementary Education, supra. The trial court's findings are accorded great weight and will not be disturbed absent a showing of manifest error. Stobart v. State, DOTD, 617 So.2d 880 (La. 1993); Harig v. State, Board of Secondary and Elementary Education, supra.
When there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review even though the appellate court may feel its own evaluations and inferences are as reasonable. Where issues of credibility are involved, we will give great deference to the findings of the trier of fact and these findings will not be overturned unless they are manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the present case, the trial court did not err in finding that there was a defect in the wall and that the school board had notice of the defect. Therefore, the trial court was correct in finding that the school board was strictly liable for the plaintiff's injury.
The record shows that the wall at issue here was about forty years old. Approximately twelve years prior to this incident, a similar cinder block partition wall in the locker room was vandalized by a group of students. The students attempted to dislodge the wall and succeeded in cracking the wall along its base. That wall was demolished and reconstructed by the school board.
Denny Summerall testified that, when the present accident occurred, he entered the locker room, following physical education class and attempted to pull himself up onto the wall at issue here. He stated that some of the cinder blocks were hollow, allowing him to get a grip at the top of the wall in order to pull himself up. In the course of pulling up on the wall, he stated that the wall began to lean and then the first few rows of cinder blocks fell.
Dwayne Neely, a student who was present when this accident occurred, testified that he had seen other students hanging onto the wall from time to time.
Michael A. Biggs, an engineer who testified on behalf of the plaintiff, stated that the wall was built with small cinder blocks and the inner cavity of the blocks was not filled in with concrete. According to Mr. Biggs, the wall should have been reinforced and should have been filled in with concrete to the top. Mr. Biggs stated that, in his opinion, the wall was defective.
Rolan Thomas, the building supervisor at the school, testified that there was some mortar poured through the middle of the blocks and there was some wire and "rebar" reinforcing the wall.
Rice Gregory, an architect, testified that the wall was built according the applicable building code standards and that the wall was reinforced. He stated that, in his opinion, the wall was not defective.
In this case, the trial court was presented with conflicting testimony regarding whether the wall was properly constructed. The evidence showed that the school board was aware of the age of the wall and was aware that a similar wall had been damaged by students several years earlier. At that point, the school board had notice that the wall involved in this case was subject to the same difficulties. The school board was aware that the wall could be damaged or dislodged by students. The school board was also aware that students are often rambunctious and might pull up on or jump on the wall. The risk of pieces falling from the wall posed an unreasonable risk of harm. The trial court did not abuse its discretion in finding that there was a defect in the wall, that the defect posed an unreasonable risk of harm to students and that the school board had knowledge of this defect. Accordingly, the trial court judgment finding the school board to be liable for this injury is affirmed.

*739 COMPARATIVE FAULT
The school board also argues that the trial court erred in assessing only fifty percent fault to the plaintiff. The school board contends that a student who has been warned against horseplay by coaches and who then jumps onto a partition wall, breaks it in half, and pulls it onto his foot, should be assessed greater than fifty percent fault for causing his injuries. This argument is without merit.
In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed.
In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Watson v. State Farm Fire and Casualty Insurance Company, 469 So.2d 967 (La.1985).
Comparative fault applies in strict liability cases. It is well settled that the allocation of comparative fault is a factual matter lying within the discretion of the trial court, and such determinations will not be disturbed on appeal in the absence of manifest error. Boddie v. State of Louisiana, supra.
As stated above, we find that the trial court did not err in finding the school board liable for the plaintiff's injuries. However, the trial court was also correct in finding that Denny Summerall was also partially at fault in causing the accident. In reasons for judgment, the trial court found that the plaintiff used the wall in a way it was not intended to be used and was partially at fault in causing the wall to fall.
Based upon our review of the record, we find that the trial court did not abuse its great discretion in assessing fifty percent fault to the plaintiff. Therefore, we decline to disturb this finding on appeal.

DECREE
We affirm the judgment of the trial court awarding $30,000 in damages for pain and suffering and $10,947.03 in medical expenses to the plaintiff, Roy Dennis Summerall, Sr., on behalf of his minor son, Roy Dennis Summerall, Jr., and against the Ouachita Parish School Board. We also affirm the trial court judgment finding Roy Dennis Summerall, Jr. to be fifty percent at fault in causing this accident. His award is reduced accordingly. The Ouachita Parish School Board is hereby ordered to pay unto the plaintiff the sum of $20,473.51.
In accordance with LSA-R.S. 13:5112, we assess the costs of this appeal against the Ouachita Parish School Board in the amount of $114.50.
AFFIRMED.
SEXTON, J., dissents with reasons.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, WILLIAMS and GASKINS, JJ., and FELIX H. SAVOIE, Jr., J. Pro Tem.
Rehearing denied.
SEXTON, Judge, dissenting.
I cannot agree that the vandalizing of a similar wall 12 years ago put the school board on notice that this wall was defective, if indeed it was. I would therefore reverse. Additionally, I believe the 50 percent assessment of fault to the plaintiff is too low.
NOTES
[1] LSA-R.S. 9:2800 was revised by Acts 1992, No. 581, § 1, after the accident in this case occurred. The change does not affect the outcome of this case.