813 So.2d 1269 (2002)
H.L. WHITAKER, Plaintiff-Appellant,
v.
CITY OF BOSSIER CITY, Defendant-Appellee.
No. 35,972-CA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2002.
*1270 David L. White, Bossier City, for Appellant.
Cook, Yancey, King & Galloway, by Kenneth Mascagni, Shreveport, for Appellee.
Before BROWN, CARAWAY and DREW, JJ.
BROWN, J.
Plaintiff, H.L. Whitaker, filed suit against defendant, City of Bossier City, after he stepped into a small hole located on city property and fell. The trial court granted summary judgment in favor of defendant. Plaintiff appeals. Finding no error, we affirm.

Facts
At the time of this accident, plaintiff had resided with his wife at 2005 Pluto Drive in Bossier City for approximately 18 years. The city had a drainage easement which ran behind plaintiffs property. This easement included a small strip of land between plaintiffs back fence and a concrete lined drainage ditch. On April 10, 2000, plaintiff was mowing grass. As was his habit for the past 18 years, plaintiff also cut the grass on the strip of land behind his yard. While mowing the grass on the easement, plaintiff stepped in a hole (approximately two and one half to three inches in diameter) at the edge of the concrete and fell into the ditch. Whitaker filed suit asserting that the city's breach of its duty to maintain the area constituted both negligence under La.C.C. art. 2315 and strict liability under La.C.C. art. 2317.
In response, defendant filed a motion for summary judgment in which it asserted that: it had no actual or constructive knowledge of the hole; Whitaker, who had been mowing the strip of land for the past 18 years, failed to see what was easily observable; and the hole into which he stepped did not present an unreasonable risk of harm.
In opposition to the motion, plaintiff contended that, although the city "may not have been notified of the precise hole into which the plaintiff fell," the defendant did have notice of "high and noxious weeds" in the ditch, and that, notwithstanding this knowledge, failed to perform any maintenance after receiving complaints. Plaintiff attached several affidavits from neighbors which indicated that there was a problem with rodents and snakes in the overgrown ditch. Several of the affiants stated that the city had been notified of the problem a number of times before it finally responded to the residents' complaints.

*1271 Discussion

Standard of Review for Summary Judgments
A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.C.C.P. art. 966 B. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of all except certain disallowed actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Magnon v. Collins, 98-2822 (La.07/07/99), 739 So.2d 191.
A party moving for summary judgment who does not have the burden of proof at trial, may merely point out to the court that there is an absence of factual support for one or more elements essential to the plaintiffs claim. Then the burden shifts to the non-moving party to present evidence demonstrating that genuine issues of material fact remain. La.C.C.P. art. 966 C(2); Hardy v. Bowie, 98-2821 (La.09/08/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La. App.3d Cir.12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.03/14/97), 690 So.2d 41.
Appellate review of a grant or denial of summary judgment is de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.02/29/00), 755 So.2d 226.

Liability
We note that in his appellate brief, Whitaker states:
Appellant contends that the Appellee is liable to him under the theory of negligence. Because the Appellee had an easement over the area where Appellant fell. Appellee had a statutorily mandated duty to keep the area clear of vegetation and weeds. Appellant agrees for the purposes of this appeal that the City of Bossier City had no notice of the hole and that the hole was not unreasonably dangerous. However, these are elements for recovery under the theory of strict liability and Appellant contends that the Appellee breached its duty under a duty risk analysis to the plaintiff.
Prior to the 1996 enactment of La.C.C. art. 2317.1, the distinction between the burden of proof in negligence and strict liability cases was that a defendant's inability to know or prevent the risk was not a defense in the strict liability case but would preclude a finding of negligence. See, e.g., Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112, n. 7 (La.1990); Entrevia v. Hood, 427 So.2d 1146 (La. 1983); Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982).
The effect of La.R.S. 9:2800 is to eliminate the distinction between strict liability and negligence claims against public entities. See Lee v. State, Department of Transportation and Development, 97-0350 (La.10/21/97), 701 So.2d 676. The enactment of La.C.C. art. 2317.1 also effectively turns strict liability claims into negligence claims. The city's lack of knowledge is a defense to a negligence claim. Sistler, supra.
Thus, in this case, Whitaker bore the burden of proving at trial that the city had actual or constructive notice of the "particular vice or defect which caused the damage prior to the occurrence." In this case, the "particular vice or defect" was the hole into which plaintiff stepped. It is undisputed that there were no "high or noxious weeds" on the strip of land behind Whitaker's house because he kept that area mowed. The hole was at the edge of the concrete ditch and was not hidden by high grass. There were, however, weeds growing in the ditch.
*1272 Constructive knowledge is defined by La.R.S. 9:2800 as the existence of facts from which actual knowledge is inferred. Plaintiff presented nothing to create a material fact question to dispute the city's assertion that it did not have constructive knowledge of the particular hole into which he stepped. Plaintiffs theory rests on the hypothetical that, if the city had properly responded to complaints about the grass and rodents in the ditch, then it would have discovered the two and one-half inch hole. We note that even Whitaker, who cut and maintained the area between his fence and the lip of the concrete ditch for 18 years, failed to see the hole.
Our supreme court has recently held that the lack of a plan to inspect roadways to discover a defect arising out of a failure to maintain the vegetation along a roadway does not constitute constructive knowledge of the defect. Jones v. Hawkins, 98-1259 (La.03/03/99), 731 So.2d 216. In Jones, supra at 220, the court stated:
The absence of a plan of inspection in no way shows or implies that an employee of the appropriate public entity has actual knowledge of a dangerous defect or condition. Indeed, quite the opposite is true; in the absence of other facts, such as recorded complaints about a defect, lack of a plan implies that employees of the public entity have no actual knowledge of dangerous defects or conditions. Thus, a holding that lack of a plan infers knowledge effectively eviscerates the notice requirement of La. R.S. 9:2800.
Because we find that the City's duty to use reasonable care in maintaining its public ways does not encompass conducting periodic inspections of its streets, and the failure to conduct such inspections does not imply knowledge of a dangerous defect on those streets, we hold the failure to conduct inspections does not impute to the City constructive knowledge of defects in its streets.
Accordingly, following the reasoning in Jones, supra, the city's failure to respond to complaints about weeds in the ditch or to routinely cut the grass in the ditch does not impute constructive knowledge of a small hole along the edge of the ditch. Complaints about rodents or snakes in the weeds in the ditch are not complaints about a hole at the edge of the ditch which is the particular vice or defect causing the injury in this case.
Plaintiff also argues that the city is liable because it failed to follow its own policies and procedures regarding vegetation along ditches and easements. Attached to plaintiffs opposition to summary judgment is an exhibit consisting of a single page from a larger unknown document that is purportedly signed by the mayor of the City of Bossier City. The document states, in pertinent part, that:
The City shall maintain vegetation along ditches and easments[easements] with mowing or herbicide spraying, as appropriate. These maintenance actions shall be performed on a routine basis. These areas shall not be maintained in lawn condition.
La.R.S. 9:2800(F) expressly states that violation of the rules and regulations promulgated by a public entity is not negligence per se. The failure of the city to follow its plan does not imply constructive knowledge and is not negligence per se. Jones, supra.
Finally, it was the city's responsibility or duty to mow its easement. Plaintiff undertook the performance of this task as part of his routine in cutting the grass in his back yard. The city profited by plaintiffs efforts. Although it is somewhat incongruous, good citizenship in many instances may work to one's detriment, such as in tort actions against a public entity. In this case, the small hole was not an unreasonably dangerous hazard. *1273 See Lee v. Magnolia Garden Apartments, 96-1328 (La.App. 5th Cir.05/09/97), 694 So.2d 1142. In fact, the day before the accident, plaintiff had used his weed-eater on this particular area and did not notice the hole. The fact that homeowners such as Whitaker cut the grass on the city's easement for aesthetic and practical reasons does not necessarily mean that the city breached its duty to maintain the easement; however, assuming that defendant did breach its duty, under the facts of this case, we are unwilling to extend its liability to include the risk of Whitaker tripping in a small and clearly observable hole on property that he had cared for during the past 18 years.
For these reasons, we find that the trial court correctly granted summary judgment.

Conclusion
For the reasons set forth above, the trial court's judgment is affirmed at appellant's costs.
AFFIRMED.