BROWN, Chief Judge.
 

 I;This personal injury action arises out of a trip and fall accident. Plaintiffs are
 
 *1041
 
 Carol and Glen Smithwick, Individually and as the Administrator of the Estate of the Minor Child Carsen Smithwick. Defendant is the City of Farmerville.
 
 [1]
 
 On January 24, 2005, plaintiff, Carol Smi-thwick, was near the intersection of two city streets waiting for her child’s school bus to arrive. At the end of the sidewalk on West Jackson Street, she stepped off of the sidewalk onto the shoulder of North Lafayette Street and tripped on a shallow depression or hole and fell. Plaintiffs now appeal the trial court’s judgment in favor of defendant, dismissing their suit for failure to prove either that the City had constructive or actual notice of a dangerous condition. For the reasons set forth below, we affirm the judgment of the trial court.
 

 Factual and Procedural Background
 

 In the middle of the afternoon of January 24, 2005, Mr. and Mrs. Smithwick and other parents were waiting for their children to come home on the bus which transported them to and from Cedar Creek School in Ruston, Louisiana. The location, the corner of West Jackson and North Lafayette Streets, had been used as a bus stop for Farmerville children attending Cedar Creek for at least nine years. According to the testimony, approximately 35 adults and children gathered at this location in the morning and afternoon of each school day from mid-August until late May.
 

 |2Mrs. Smithwick was at the end of the sidewalk on West Jackson and moved off to her right onto the shoulder of North Lafayette. Grass/weeds had invaded the edge of the street in a small, patchy, irregular manner. It was described by one witness as “scrub grass.” This ground cover had grown from inside the depression or hole and blended in with grass in the immediate area. Mrs. Smithwick apparently fell when she stepped into this area and suffered a left ankle injury. The radiology report taken that day showed no fractures or dislocations. Later, Mrs. Smithwick claimed among other medical problems “reflex sympathetic dystropy” (“RSD”). Thereafter, she claimed her right knee also developed RSD. At trial plaintiffs claimed $6.4 million in damages.
 

 The matter was tried in December 2008, and January 2009. The parties stipulated that the City had custody of the area where Mrs. Smithwick fell. The court found that Mrs. Smithwick’s fall was caused by her stepping into the depression or hole on the right-of-way within the City’s custody and that the hole presented an unreasonable risk of harm. The court, however, found that plaintiffs failed to establish either actual or constructive notice on the part of the City. Based upon their failure to prove one of the necessary elements of their cause of action, the trial court dismissed plaintiffs’ action against the City. It is from this judgment that plaintiffs have appealed.
 

 Discussion
 

 Louisiana Civil Code article 2317 imposes responsibility for damage caused by,
 
 inter alia,
 
 things we have in our custody with a defect that |screated an unreasonable risk of harm and was a cause-in-fact of harm. It also provides that the custodian possess actual or constructive notice of the defect. Revised Statute 9:2800(C) provides in pertinent part that:
 

 No person shall have a cause of action, based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the
 
 *1042
 
 condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
 

 Before a municipality can be held liable for injuries resulting from a defect in the condition of a public way, the municipality must have had actual or constructive notice of the particular defect that gave rise to the injury.
 
 Jones v. Hawkins,
 
 98-1259 (La.03/19/99), 731 So.2d 216;
 
 Breitling v. City of Shreveport,
 
 44,112 (La.App.2d Cir.05/13/09), 12 So.3d 457;
 
 Johnson v. City of Bastrop,
 
 41,240 (La.App.2d Cir.08/01/06), 936 So.2d 292. Failure to meet this statutory element will defeat a negligence claim against a public entity.
 
 Breitling, supra; Williams v. City of Mansfield,
 
 42,319 (La.App.2d Cir.08/15/07), 962 So.2d 1187.
 

 Actual notice is knowledge of dangerous defects or conditions by a corporate officer or employee of the public entity having a duty either to keep the property involved in good repair or to report defects and dangerous conditions to the proper authorities.
 
 Summerall v. Ouachita Parish School Board,
 
 27,643 (La.App.2d Cir.12/08/95), 665 So.2d 734;
 
 Boddie v. State of Louisiana,
 
 27,313 (La.App.2d Cir.09/27/95), 661 So.2d 617.
 

 Constructive notice is defined by La. R.S. 9:2800 as the existence of facts which imply actual knowledge. Ordinarily, to establish constructive Lnotice, plaintiffs must prove that the defect causing the injury existed over a sufficient length of time to establish that reasonable diligence would had led to its discovery and repair.
 
 Breitling, supra; Johnson, supra; Whitaker v. City of Bossier City,
 
 35,972 (La. App.2d Cir.04/05/02), 813 So.2d 1269.
 

 The trial court’s findings of fact, including whether a public body had actual or constructive notice of a hazardous condition, are subject to the manifest error standard of review.
 
 Williams, supra.
 
 The appellate court must determine whether the trial court’s conclusions are reasonable based upon the record as a whole.
 
 Graves v. Page,
 
 96-2201 (La.11/07/97), 703 So.2d 566;
 
 Breitling, supra.
 
 Where two permissible views of the evidence exist, the fact-finder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Stobart v. State through DOTD,
 
 617 So.2d 880 (La.1993);
 
 Williams, supra.
 

 What is obvious in the present case is that throughout the school year some 35 people, including plaintiffs, twice a day gathered around the defective area, and no one ever noticed a depression or hole, and no one had ever reported a stumble or fall. This was a small, patchy, irregular area that would be quickly cut with one or two sweeps of a Weedeater leaving the grass at a height of one inch. Plaintiffs’ expert speculated that it was an old posthole for a stop sign that was moved to the other side of the sidewalk and that the fill-dirt settled leaving the depression. This was not confirmed by testimony of the City’s employees. No one had knowledge as to how or when the washout/depression/hole occurred. The trial court found that | ¿plaintiffs failed to establish that the City had actual or constructive notice of such a defect in its right-of-way.
 

 Plaintiffs assert that the trial court misconstrued or failed to properly consider the deposition testimony of city worker Charles Young in concluding that the City had no “actual” notice of the condition. Mr. Young’s trial testimony contradicted and explained his deposition testimony. The following is excerpted from the trial court’s written reasons for judgment:
 

 Plaintiffs argue that the City of Farmer-ville had actual knowledge of the depres
 
 *1043
 
 sion through its employee Charles Young. At a deposition taken prior to trial, Young testified that he had observed the depression when he trimmed the area with a Weed-eater prior to the accident. The depression was depicted in a photograph annexed to Young’s deposition. However, in his deposition, Young repeatedly stated that the depression that he recalled was near a water line with a water faucet. Subsequent evidence demonstrates that the faucet referred to by Young was not located near this particular depression but north of it. Young was obviously referring to another depression made by drainage from that faucet or water line, not the one which is the subject of this litigation. At trial, the faucet was still located north of the depression that is involved in this case. Given the proximity of the depression to the roadway surface (which appears to be 2 to 4 feet), it would be highly unlikely that a faucet would have been located in that location. Clearly, Young was referring to a different depression or hole [in his deposition].
 

 Not only did the trial court consider the testimony of Charles Young, the court meticulously compared Young’s deposition testimony with his trial testimony to determine the location of the depression he noticed. The court found that the hole referred to by Young in his deposition was in fact in a different location than where Mrs. Smithwick fell, and the record supports this conclusion. The trial court’s finding of no actual notice on the part of the City is also supported by the testimony of city employees Charles Boyd Rand Kenneth Bilberry regarding the City’s Weed-eating activities on the right-of-way and lack of any prior complaints about holes or depressions in the right-of-way.
 

 Plaintiffs also contend that the trial court erred in finding that the City did not have constructive notice of the hole in the right-of-way.
 

 In its written reasons for judgment the trial court stated:
 

 Plaintiffs argue that because the city maintenance personnel trimmed and/or mowed in the area two times per month during the growing season (presumably from sometime in May to sometime in September), those employees must have seen and observed the depression or hole prior to the accident. The Court disagrees.
 

 No one knows how the hole was formed or how long it had been there. Apparently, no one noticed the hole prior to plaintiffs fall. It would be speculative to conclude the hole existed when the area was last mowed or trimmed by city employees, presumably in September 2004. In the absence of evidence establishing when the hole came into existence or that it existed in September 2004 when the area was last mowed, the Court is unable to conclude that the City had constructive knowledge of its presence. Approximately 80 persons, including parents and children, assembled in the general area five days per week from mid-August to late May. Much of this time is during the non-growing season when grass and vegetation would not obstruct a view of the depression or hole in question. None of those persons, including plaintiffs and Judge McCallum (who was at the stop waiting for his son and whose law office was a couple of doors down from the bus stop), were aware of the hole’s existence. If the hole or depression had been in existence for a significant period of time, it is unlikely that no other person would have had difficulty at the location or noticed its presence.
 

 In the instant case, the defective condition, a shallow depression, was located in
 
 *1044
 
 an unimproved grassy area off to the side of the city sidewalk. For a number of years, the City maintained this area through Weed-eating, and parents and children walked over and stood in the right-of-way, and there was no evidence that anyone ever noticed the depression. Quite |7simply, these facts do not demonstrate that the condition had ever been noticed or should have been noticed by City employees. This shallow depression was not unlike what would be found throughout the city and even in homeowners’ lawns. Whether this defect was unreasonably dangerous, however, is not before this court. The trial court was not clearly wrong in finding that plaintiffs put forth no evidence which would allow for an inference of actual knowledge on the part of the City.
 
 See Williams, supra; Whitaker, supra; Ambrose v. City of New Iberia,
 
 08-1197 (La.App. 3d Cir.04/01/09), 11 So.3d 34. We cannot say that the trial court erred in finding that plaintiffs failed to prove actual or constructive notice. Plaintiffs, having failed to prove an essential element of their cause of action, are not entitled to recovery from the City.
 

 Conclusion
 

 For the reasons set forth above, the judgment of the trial court is AFFIRMED. Costs are assessed to plaintiffs-appellants, Carol Smithwick and Glen Smithwick, Individually and as the Administrator of the Estate of the Minor Child Carsen Smithwick.
 

 AFFIRMED.
 

 APPLICATION FOR REHEARING
 

 Before BROWN, STEWART, GASKINS, CARAWAY, and DREW, JJ.
 

 Rehearing denied.
 

 [1]
 

 . Plaintiffs also named as defendants Community Trust Bank, CTB Financial Corporation, and First United Bank; however, they were dismissed from this action via summary judgment.