Judgment rendered March 3, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,607-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CHERYL WELLS                                    Plaintiff-Appellant

versus

TOWN OF DELHI AND CHAD                          Defendants-Appellees
DEE AND KRISTIE H. MORGAN

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court No. 43436

Honorable Glynn David Roberts (*Ad Hoc*), Judge

* * * * *

LAW OFFICES OF MOSES J. WILLIAMS          Counsel for Appellant
By: Moses J. Williams

HUDSON, POTTS & BERNSTEIN, L.L.P.          Counsel for Appellee,
By: Robert M. Baldwin                      Town of Delhi
    L. Casey Auttonberry

* * * * *

Before GARRETT, THOMPSON, and BODDIE (*Ad Hoc*), JJ.

**THOMPSON, J.**

The passenger of a vehicle was severely injured, including becoming paralyzed originating from those injuries sustained when, during winds associated with a weather incident, a tree limb fell on the vehicle in which she was riding. Plaintiff filed suit against the owners of the property where the tree was located, and the town responsible for the roadways, alleging negligence for failure to identify and remove the risk posed by the tree in its alleged weakened condition. The claims against the property owner were resolved by settlement and dismissed, but the claims against the town proceeded to trial. The district court rendered judgment in favor of the town concluding the tree was not defective, from which plaintiff now appeals. For the reasons stated herein, we affirm the decision of the trial court.

## FACTS & PROCEDURAL HISTORY

On May 8, 2012, Cheryl Wells ("Wells") was a passenger in the front seat of a vehicle with three other people riding on Charter Street in the town of Delhi. An unexpected storm with high winds arose and caused a large limb to break off a tree and come through the roof of the vehicle and land on Wells, severely injuring her. The limb came from a tree located on the property owned by Chad Morgan and Kristi Morgan (hereinafter collectively referred to as "the Morgans"), and its roots extended into, and limbs overhung, the residential street in Delhi on which Wells was traveling. When the limb fell and hit the vehicle, it trapped Wells inside and she had to be cut out of the vehicle by emergency responders. She was rendered a quadriplegic from the incident and ultimately passed away four years later.

Prior to her death, Wells instituted an action against the Morgans and the Town of Delhi ("Delhi"), claiming that they knew or should have known of the defective condition of the tree and that they failed to remedy the defect. Wells ultimately settled with the Morgans and they were dismissed from the suit prior to trial. After Wells passed away, her two children were substituted as plaintiffs. The claims against Delhi proceeded to trial.

The case came before this court previously in 2017 after a motion for summary judgment, filed by Delhi, was granted reasoning that Delhi had no notice of the tree's defective condition. *See Wells v. Town of Delhi*, 51,222 (La. App. 2 Cir. 4/5/17), 216 So. 3d 1095, *writ denied* 17-0753 (La. 9/22/17), 227 So. 3d 821. A panel of this court reversed that ruling reasoning that the affidavit executed by Wells' expert forester (Gary Patterson) created genuine issues of material fact as to the condition of the tree and Delhi's constructive knowledge of that condition. At that time, Delhi had not retained its own expert with regard to the condition of the tree. Delhi did retain an expert prior to the trial and that expert offered his opinions on the condition of the tree at trial.

A bench trial was held on July 9-11, 2018, and testimony was provided by numerous witnesses. The trial court ultimately held: (1) Plaintiff failed to prove the existence of any defect in the tree; (2) Plaintiff failed to prove that the Town of Delhi had notice of any alleged defect; and (3) Spoliation of evidence did not occur. Plaintiffs filed a motion for new trial, which was denied. This appeal followed.

2

## STANDARD OF REVIEW

An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Walker v. Hixson Autoplex of Monroe, L.L.C.*, 51,758 (La. App. 2 Cir. 11/29/17), 245 So. 3d 1088. Where there is more than one allowable view of the evidence, the fact finder's choice among them cannot be manifestly erroneous or clearly wrong. *Id*. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. *Cole v. Department of Public Safety & Corr.*, 01-2123 (La. 9/4/02), 825 So. 2d 1134.

## DISCUSSION

**Assignment of Error No. 1:  The trial court was clearly wrong in concluding that the tree located on Delhi's property was not defective.**

In its first assignment of error, Wells alleges that the trial court erred in concluding that the limb that fell and injured her and the tree from which it fell were not defective.  It is undisputed that the tree is located on the property owned by the Morgans, but the location of certain roots and limbs extending over the roadway are alleged to have placed the tree and its limbs in the custody of Delhi and created associated duties as a result.  Wells cites La. C.C. art. 2317.1 in support of her assertions, which provides in pertinent part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew, or in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

3

La. C.C. art. 2317.1.

Actions for damage occasioned by the ruin, vice, or defect of a thing require (1) proof that the thing was in the defendant's custody, (2) that the thing contained a defect which presented an unreasonable risk of harm to others, (3) that this defective condition caused the damage, and (4) that the defendant knew or should have known of the defect. *Mahoney v. East Carroll Parish Police Jury*, 47,494 (La. App. 2 Cir. 9/26/12), 105 So. 3d 144, *writ denied*, 12-2684 (La. 2/8/13), 108 So. 3d 88. Failure to meet any one statutory element will defeat a negligence claim against a public entity for damages due to a defective thing. *Harris v. City of Shreveport*, 53,101, 53,332 (La. App. 2 Cir. 4/22/20), 295 So. 3d 978.

The trial court was faced with determining, from the testimony and evidence adduced, whether the tree from which the limb broke and fell was in a defective condition, whether Delhi should have been aware of such a condition and risk, and whether Delhi should be responsible for taking curative action or for failing to do so when it had the duty to act.

It was alleged by Wells that the tree and limb were in Delhi's custody given the protrusion of the roots into the sidewalk and ditch. The trial court did not expressly rule on this issue since it ruled Wells failed to prove any defect in the tree and there was no negligence on the part of Delhi. Whether the tree was legally in the custody of Delhi is immaterial to the outcome of this case.

There is conflicting testimony between the experts and witnesses at trial as to whether (1) the tree contained a defective condition, (2) the

4

defective condition was the cause of Wells' injury, and (3) Delhi knew or should have known of the alleged defect.

Competing expert witnesses were called to testify at the trial to address the condition and health of the tree. Wells relied on the testimony of her forestry expert, Gary Patterson ("Patterson"). Patterson testified that the oak tree at issue suffered from decay and heart rot and had been dying for many years before the limb fell onto the car in which Wells was a passenger. Patterson testified that the oak tree suffered from these ailments despite the presence of green leaves and "the defect in this tree should have been discovered upon a reasonable cursory inspection based on the dead fallen limbs and unobstructed view of the thinning crown." Further, Patterson testified that the fact that the tree's roots were growing noticeably underneath the town's sidewalk and into the ditch, should have alerted Delhi to provide closer inspection of the tree given its location and history of dropping limbs. Patterson's conclusions were called into question by Delhi, when it asserted he had actually examined the wrong tree stump and used that erroneous information to reach his conclusions.

The tree on the Morgans' property was cut down after the incident, which gives rise to the present spoliation of evidence issue, which will be further addressed below. It was developed through Patterson's testimony that he had actually examined the wrong tree stump after the tree at issue was cut down, and that his testimony was based on the conditions noticed on a different tree.

Delhi's expert arborist, Troy Cage ("Cage"), testified regarding the photographs of the tree in question and he testified that those pictures

5

reflected a healthy tree with "green wood" that was neither dead nor rotten. Based on all the photos admitted into evidence, Cage determined that the limb and tree at issue here were "thriving" and "very alive." Moreover, Cage explained to the trial court point-by-point why Patterson's observations and opinions in the affidavit he executed were wrong, and why Cage reached a completely different conclusion regarding the condition of the tree and limb. According to Cage, it was the unexpected strong winds associated with the sudden storm on the night of the accident that caused the limb to break and fall, not any defective or weakened condition of the tree in general.

Delhi also called to the stand Charles Taylor ("Taylor"), the licensed arborist who cut down the tree, who testified that the tree was solid and had no heart rot. Taylor further testified that he could not tell anything on the tree was dead from the photographs admitted into evidence, and that the limb fell as a result of the unexpected storm on the day in question. It should be noted that Taylor was not tendered as an expert by Delhi, but he corroborated the testimony of Cage.

When there is conflicting testimony between witnesses and experts, it is the duty of the trial court to make credibility determinations. *Martin v. E. Jefferson Gen. Hosp.*, 582 So. 2d 1272 (La. 1991).

In the lengthy and well-reasoned written reasons for ruling, the trial court rejected the testimony and opinions of Patterson and found the testimony of Cage and Taylor to be more credible. Making such credibility determinations are the purview of the trial court and such determinations are not to be disturbed unless manifestly erroneous or clearly wrong. *Id*.;

6

*ScenicLand Const. Co., LLC v. St. Francis Med. Ctr., Inc.*, 41,147 (La. App. 2 Cir. 7/26/06), 936 So. 2d 247. It is well accepted that the trier of fact is charged with the determination of what credibility it assigns to expert witnesses and the decision about which expert among those testifying is more credible. *Hayes v. Entergy Corp.*, 37,190 (La. App. 2 Cir. 6/25/03), 850 So. 2d 916. In deciding to accept the opinion of one expert and reject the opinion of another, a trial court can virtually never be manifestly erroneous. *Fox v. Fox*, 97-1914 (La. App. 1 Cir. 11/6/98), 727 So. 2d 514, *writ denied*, 99-0265 (La. 3/19/99), 740 So. 2d 119. Therefore, this court cannot say that the trial court erred in its determinations regarding the condition of the tree, knowledge on the part of Delhi of any defect, and any corresponding liability of Delhi. We therefore reject this assignment of error and affirm the decision of the trial court in this regard.

**Assignment of Error No. 2: The trial court was clearly wrong in concluding that Plaintiff failed to prove that Delhi had notice, pursuant to La. R.S. 9:2800, of any possible defect in the tree which caused Plaintiff's injuries.**

In her second assignment of error, Wells alleges that the trial court was clearly wrong in concluding that she failed to prove that Delhi had notice of any possible defect in the tree pursuant to La. R.S. 9:2800. For purposes of the statutory requirement in premises liability actions that a public entity must have had actual or constructive notice of the particular defect that gave rise to the injury, "actual notice" is knowledge of dangerous defects or conditions by a corporate officer or employee of the public entity having a duty either to keep the property involved in good repair or to report defects and dangerous conditions to the proper authorities. *Smithwick v.*

7

*City of Farmerville*, 45,362 (La. App. 2 Cir. 6/23/10), 42 So. 3d 1039, *writ denied*, 10-2013 (La. 11/12/10), 49 So. 3d 888.

According to the testimony of Eddie Ray McCall ("Eddie"), several months prior to the accident, a large limb fell from the same tree into his yard and that limb was subsequently cut up and removed by Delhi employees without any call or inquiry by him. Additionally, Dee Lawrence McCall ("Dee"), Delhi's public works director, testified that he regularly drove the streets of Delhi looking for problems and hazardous conditions. As part of his testimony, he acknowledged driving past the tree in question and noticing the tree roots growing underneath Delhi's sidewalk. However, he did not stop to inspect the health of the tree. Further, Dee testified that he removed the sidewalk and engaged Taylor to cut down and remove the tree, but only after complaints from residents of the adjacent home following the Wells accident.

While it is alleged that the defects in the sidewalk were or should have been obvious to Delhi, there is conflicting testimony as to whether a fallen limb and cracked sidewalk should have put Delhi on notice that there was a defect with the tree itself. As noted above, the expert witnesses of Delhi testified and the trial court concluded there was no defect in the tree. Having knowledge that the tree exists, but without having any evidence that the tree is defective, no duty is established on behalf of Delhi. The trial court made credibility determinations between the witnesses and evidence presented at trial and determined that Wells failed to carry her burden in showing that Delhi had notice of the alleged defective condition of the tree. As the trial court determined, based on the testimony of expert witnesses, there was no

8

defective condition in the tree. It would therefore be impossible to have knowledge of something which the trial court has already determined did not exist. We cannot say that the trial court erred on this point and therefore affirm its decision in this regard.

**<u>Assignment of Error No. 3</u>: The trial court erred in finding that Plaintiff failed to prove its claim for spoliation of evidence.**

In her third assignment of error, Wells alleges that the trial court erred in finding she failed to prove her claim of spoliation of evidence. Plaintiff asserts that the evidence clearly shows that Delhi paid to have the tree cut down and removed without notifying Wells' counsel, despite a prior agreement to do so. However, in *Reyolds v. Bordelon*, 14-2362 (La. 6/30/15), 172 So. 3d 589, 592, the Louisiana Supreme Court held:

> We granted certiorari to determine whether Louisiana recognized the tort of negligent spoliation. For the reasons that follow, we hold that no cause of action exists for negligent spoliation of evidence. Regardless of any alleged source of duty, whether general or specific, public policy in our state precludes the existence of a duty to preserve evidence. Thus, there is no tort. Alternative avenues of recourse are available within Louisiana's evidentiary, discovery, and contractual laws.

In this case, it is undisputed that Delhi removed the tree at issue. However, they did so approximately 968 days after the incident. Wells had ample time to have an expert inspect the tree or perform whatever testing may have been required. Additionally, the condition of the tree was recorded via photographs which were provided to Wells' counsel. With no independent tort of negligent spoliation, as detailed by the Louisiana Supreme Court in *Reynolds,* we cannot say that the trial court erred in failing to recognize Wells' claim for spoliation of evidence, and we affirm its decision in this regard.

9

## <u>CONCLUSION</u>

Considering the foregoing, the judgment of the trial court is affirmed.

Costs of this appeal are assessed to appellant.

**AFFIRMED.**